FILED'10 NOV 1 1051USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WESTERN RADIO SERVICES CO.,                    Civ. No. 09-6315-AA
INC.,                                          OPINION AND ORDER

      Plaintiff,

    v.

CENTURYTEL OF EASTERN OREGON,
INC., and PUBLIC UTILITIES
COMMISSION OF OREGON (PUC),

      Defendants.

---

Marianne Dugan
259 E. 5th Ave., Suite 200-D
Eugene, OR 97401
    Attorney for plaintiff

Richard A. Finnigan
2112 Black Lake Blvd. SW
Olympia, WA  98512
    Attorney for defendant CenturyTel

John R. Kroger
Attorney General
Michael T. Weirich
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301
    Attorneys for defendant PUC

1    - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Western Radio Services Co. (Western) filed suit for declaratory and injunctive relief and damages under the Telecommunications Act of 1996 (the Act). See 47 U.S.C. §§ 151, et seq. Defendants CenturyTel of Eastern Oregon, Inc. (CenturyTel) and the Public Utilities Commission of Oregon (the PUC) seek dismissal of Western's claims for lack of subject matter jurisdiction and failure to state a claim. Fed. R. Civ. P. 12(b)(1),(b)(6). CenturyTel's motion is granted, and the PUC's motion is granted in part.

<u>BACKGROUND</u>

Western is an Oregon corporation authorized to provide wireless telephone services in Oregon. CenturyTel is a telecommunications utility doing business in Eastern Oregon. The PUC is a state agency charged with regulating the intrastate operations of telecommunications carriers.

Western alleges that CenturyTel has almost exclusive control over the facilities necessary to provide local telephone services and enable long distance telephone services in Eastern Oregon. As an incumbent local exchange carrier, CenturyTel is required to negotiate access, or "interconnection," with competitive local exchange carriers such as Western.  47 U.S.C. § 251(c)(1),(2); see also 47 C.F.R. § 51.5 (defining interconnection as "the linking of two networks for the mutual exchange of traffic").  According to

2   - OPINION AND ORDER

Western, it and CenturyTel have an informal "bill and keep" interconnection arrangement and "regularly and routinely exchang[e] traffic over interconnection facilities." First Am. Compl., p. 5. Western maintains that the parties' informal arrangement does not implicate billing, "as the parties assume the traffic each of them transmits through the other party's facilities is approximately equal and therefore no billing is issued to either party and the PUC is not required to set rates." Id. Western alleges that despite this arrangement, CenturyTel billed Western for certain services and ultimately issued disconnect notices to Western after the charges were disputed.

On June 16, 2008, Western filed a "bone fide request" for an interconnection agreement to provide Western access to CenturyTel's telecommunications network and facilities. First Am. Compl., p. 6. Western also asked that CenturyTel continue processing its interconnection orders in the interim while the parties negotiated an agreement. According to Western, CenturyTel refused and indicated that it would not process interconnection orders without a fully negotiated and approved interconnection agreement. Id. p. 7; 47 U.S.C. § 252(e)(1) (state utility commission must approve interconnection agreements adopted by negotiation or arbitration).

On November 21, 2008, Western filed a petition for arbitration with the PUC. See 47 U.S.C. § 252(b)(1) (If the parties cannot agree on the terms of an interconnection agreement, they may

3   - OPINION AND ORDER

petition the state commission to "arbitrate any open issues");
Administrative Record (AR), pp. 64-94.   Western asserted that
CenturyTel failed to negotiate in good faith and proposed an
interconnection agreement for consideration by the PUC.   In
response, CenturyTel offered a competing interconnection agreement.
AR, pp. 100-176.  The PUC designated the petition as "ARB 864" and
assigned a presiding administrative law judge (ALJ).   See Or.
Admin. R. 860-016-0030(1).

The ALJ questioned the sufficiency of Western's arbitration
petition under the Act and the PUC's rules and certified the issue
to the PUC.   AR, pp. 193-94, 244.[1]   The PUC concluded Western's
petition was insufficient in the following respects:

> By Western's own admission, Western's Petition for
> Arbitration does not set forth all of the unresolved
> issues between the parties, nor does it state either
> party's positions on the unresolved issues. Western's
> Petition for Arbitration also does not elucidate what
> issues have been discussed and resolved by the parties.
> Western submits a proposed interconnection agreement on
> its own, indicates that the positions of CenturyTel are
> unknown, and requests that we adopt the proposed
> interconnection agreement in its entirety.
>
> Yet, under 47 U.S.C. 252(b)(4)(A), a State
> commission is limited to considering the unresolved
> issues set forth by the petitioner. State commissions do
> not have the authority to define the issues. Western
> simply fails to present any issues that we may consider.

---

[1]A petition for arbitration must contain a statement of all
unresolved issues, a description of each party's position on the
unresolved issues, a proposed agreement addressing all issued
that have been resolved and those that remain in dispute, and
documentation showing that the request complies with the time
requirements under the Act.  See Or. Admin. R. 860-016-0030(2);
see also 47 U.S.C. § 252(b)(2)(A).

4    - OPINION AND ORDER

AR, p. 244.   However, the PUC allowed Western the opportunity to correct the deficiencies in its petition:

> We dismiss Western's Petition for Arbitration without prejudice. Western may resubmit a petition for arbitration. A new petition for arbitration should clearly identify: 1) the unresolved issues; and 2) the positions of Western and CenturyTel on each unresolved issue.

AR, pp. 245.

Western had also filed a motion/complaint for an injunction against CenturyTel on December 15, 2008. AR, pp. 182-192. Western's motion/complaint expressly sought injunctive relief against CenturyTel "until the parties have finalized the Interconnection Agreement which is the subject of ARB 864." AR, p. 183. After the PUC dismissed Western's petition for arbitration, the ALJ denied Western's motion/complaint without prejudice because it was based, "[b]y Western's own admission," "upon the existence of a viable petition for arbitration." AR, p. 253.

Rather than filing a new arbitration petition, Western sought reconsideration of the dismissals of its arbitration petition and motion/complaint.   AR, pp. 257-86.   The PUC denied Western's request for reconsideration because it was untimely.   See AR, pp. 372-373.   The PUC also reaffirmed the dismissal of Western's petition:

> Our duty is to arbitrate unresolved issues that arise during the negotiation of an interconnection agreement. In this case, Western Radio identified no open issues for arbitration. Instead, it simply submitted two proposed interconnection agreements and asked us to "pick one,"

without explaining how the proposed agreements intersect or differ. In order to select an interconnection agreement, we would have been required to define questions of law and factual issues. We do not have the authority to do either. Consequently, we stand by our dismissal of Western Radio's Petition for Arbitration, without prejudice, in Order No. 09-025.

AR, pp. 372.

Despite its ruling, the PUC allowed Western to present argument concerning two issues: 1) whether the PUC may enforce the terms of an informal interconnection "arrangement" preceding an approved interconnection agreement; and 2) whether a rural telecommunications carrier such as CenturyTel can voluntarily waive, on a case-by-case basis, the exemption from the duty to negotiate and provide interconnection services until a "bona fide request" for such services is received. AR, pp. 373-74; 47 U.S.C. § 251(f). The PUC ultimately determined that it had no authority to enforce an informal interconnection "arrangement," and that CenturyTel could waive the rural exemption with respect to the negotiation of an interconnection agreement with Western. AR, pp. 432. This lawsuit followed.

DISCUSSION

In its First through Four Causes of Action, Western alleges that CenturyTel: 1) refused to negotiate an interconnection agreement in good faith; 2) restricted Western's interim interconnection by refusing to negotiate an interconnection agreement; 3) failed to provide interim interconnection services;

6   - OPINION AND ORDER

and 4) charged Western inappropriate tariff rates for interconnection services. First Am. Compl., pp. 15-19; Pl.'s Resp., p. 27. Plaintiff specifically asserts jurisdiction under 47 U.S.C. §§ 207, 252(e)(6) and federal question jurisdiction under 28 U.S.C. § 1331.[2] CenturyTel maintains that this court lacks jurisdiction over Western's claims or that Western fails to state a claim, because the PUC has not rendered a final determination regarding an interconnection agreement between the parties.

Section 252(e)(6) of the Act provides for federal jurisdiction over claims arising from rejected or approved interconnection agreements. "In any case in which a State commission *makes a determination under this section*, any party aggrieved by such determination may bring an action in an appropriate Federal district court to determine whether the agreement or statement meets the requirements" of the Act. 47 U.S.C. § 252(e)(6) (emphasis added). The state commission "determination" that triggers judicial review is the approval or rejection of a proposed interconnection agreement - a determination that has not occurred in this case. Id. § 252(e)(1). Moreover, "[s]ection 252(e)(6) does not provide a private right of action to sue other private entities for failure to negotiate in good faith. It is, rather, a

---

[2]Plaintiff also asserts jurisdiction under 47 U.S.C. § 206. However, while that statute authorizes damages against certain telecommunications carriers for violations of the Act, it does not provide a private cause of action. Rather, § 207 authorizes a private cause of action. 47 U.S.C. § 207.

judicial review provision, permitting actions against the PUC to
determine whether its decisions are consistent with law." <u>Western
Radio Servs. Co. v. Qwest Corp.</u>, 530 F.3d 1186, 1194 (9th Cir.
2008); <u>see also</u> <u>id.</u> at 1195 ("Thus, § 252(e)(6) allows Western to
request that a district court review the substance of a
determination by the PUC. It does not constitute a grant of a
private right of action against Qwest to enforce the duty to
negotiate in good faith."). Therefore, § 252(e)(6) does not confer
federal jurisdiction over Western's claims against CenturyTel.

Plaintiff's assertion of judicial review under 47 U.S.C. § 207
is likewise unavailing.  Granted, the Ninth Circuit has held that
28 U.S.C. § 1331 confers federal question jurisdiction over the
viability of "good faith" claims brought pursuant to § 207. <u>Id.</u> at
1193-96.  However, as a "prudential limitation n adjudication,"
"the PUC must address Western's good faith claim before that claim
may be brought in district court." <u>Id.</u> at 1200; <u>see also</u> <u>Autotel
v. Citizens Util. Rural Co., Inc.</u>, 2007 WL 779633, *3-4 (D. Az.
2007) (§ 1331 does not permit judicial review of an interconnection
proceeding decision where the responsible state agency has not
concluded its proceedings and approved or rejected an
interconnection agreement).  It is undisputed from the record that
the PUC has not considered or addressed Western's disputed issues
with CenturyTel, including the failure to negotiate in good faith
and improper interconnection charges.  I thus find prudential

8    - OPINION AND ORDER

considerations paramount in this case, and CenturyTel's motion to dismiss is granted.

In its Fifth Cause of Action against the PUC, Western alleges that the PUC violated its delegated authority by dismissing Western's petition, among other actions. <u>See</u> First Am. Compl., pp. 20-21. However, as explained above, judicial review of the PUC's actions under § 252(e)(6) or 28 U.S.C. § 1331 must be premised on a "determination" of a proposed interconnection agreement. Western failed to submit a petition for arbitration that complied with requirements of the Act and the PUC, and the PUC dismissed Western's petition without prejudice. Thus, the PUC has not approved or rejected or made a "determination" regarding an interconnection agreement.[3] Despite the PUC's invitation to submit a corrected petition, Western failed to do so. Absent a final determination by the PUC, this court lacks jurisdiction to review the PUC's dismissal of Western's petition.

_____

[3]Even if the PUC's dismissal of Western's arbitration petition on procedural grounds is considered a "determination" of an interconnection agreement, in the alternative I dismiss Western's claim challenging the PUC's dismissal of the petition for failure to state a claim. Plaintiff alleges, "Dismissal of a petition by a requesting carrier because the incumbent refused to negotiate is not one of the options available to PUC." First Am. Compl., p. 20. However, the PUC dismissed the petition for failing to comply with procedural requirements of the Act and the PUC, and plaintiff presents no authority that the PUC may not do so. Moreover, I agree that Western's petition is deficient under 47 U.S.C. § 252(b)(2)(A) and Or. Admin. R. 860-016-0030(2), in that it describes in vague terms the nature of Western's claims against CenturyTel and does not include a statement of all unresolved issues or a description of the parties' positions at to each issue. AR, pp. 64-67.

9    - OPINION AND ORDER

In its response to the motions to dismiss, Western explains it also challenges the following actions of the PUC:  1) the PUC's determination that it lacks authority to enforce the terms of an informal interconnection "arrangement" that precedes an approved interconnection agreement; 2) the PUC's determination that a rural telecommunications carrier may voluntarily waive the rural exemption under 47 U.S.C. § 251(f); and 3) the dismissal of Western's "motion and complaint" for issuance of an injunction against CenturyTel pending arbitration with the PUC.

In reply, the PUC concedes that this court has federal question jurisdiction to review whether the PUC is without authority to enforce the terms of an informal interconnection arrangement and whether a rural telecommunications carrier may voluntarily waive, on case-by-case basis, the rural exemption. Reply, p. 4; Midcontinent Commc'ns v. N. Dakota Pub. Serv. Comm'n, 2009 WL 3722898 (D. N.D. Nov. 3, 2009). Given this concession, I deny PUC's motion to dismiss with respect to these two issues.

With respect to the third issue, the PUC maintains that the court is without jurisdiction to review Western's "motion and complaint" for an injunction against CenturyTel.  I agree.

First, as discussed above, § 252(e)(6) provides no basis for judicial review.  Second, I find no federal question jurisdiction because Western's motion/complaint was brought to maintain what Western perceived as the "status quo" pending the PUC arbitration

10   - OPINION AND ORDER

proceeding. AR, pp. 183, 253. After the arbitration petition was dismissed without prejudice, the underlying basis for Western's motion/injunction no longer exists. Moreover, as with the petition for arbitration, Western's motion/complaint was denied without prejudice. Presumably, Western again may seek an injunction from the PUC once it submits a sufficient petition for arbitration.

In sum, jurisdictional restraints and the doctrine of "prudential limitation on adjudication" support dismissal of Western's claims against CenturyTel and Western's challenge to the dismissal of its arbitration petition and motion/complaint until the PUC approves or rejects a negotiated or arbitrated interconnection agreement between Western and CenturyTel.

CONCLUSION

CenturyTel's Motion to Dismiss (doc. 18) is GRANTED, and Western's First, Second, Third, and Fourth Causes of Action are DISMISSED. The PUC's Motion to Dismiss (doc. 16) is GRANTED with respect to the denial of Western's petition for arbitration and motion/complaint for injunction and DENIED with respect to the two PUC rulings identified above.

IT IS SO ORDERED.

Dated this _1_ day of November, 2010.

Ann Aiken
United States District Judge

11  - OPINION AND ORDER